# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARITZA IVETTE DELGADO TORRES,**

        **Claimant,**

**v.**                                              Case No: 6:18-cv-2059-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Maritza Ivette Delgado Torres (Claimant), proceeding *pro se*, appeals the Commissioner of Social Security's final decision denying her application for a period of disability and Disability Insurance Benefits. Doc. 1. Claimant requests that the Court "reverse said decision or, in the alternative, to remand this case for a rehearing de novo." *Id*. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

### I. Procedural History

This case stems from Claimant's application for a period of disability and disability insurance benefits. R. 15. Claimant alleged a disability onset date of November 11, 2006. Doc. 17 at 1. The claims were denied initially and upon reconsideration. R. 15. A hearing was conducted, and on November 8, 2017, the ALJ issued an unfavorable decision. R. 15-29. On September 26, 2018, the Appeals Council denied the request for review. R. 1-4.

### II. The ALJ's Decision

In the decision, the ALJ found that Claimant has the following severe impairments: status post right leg fracture; fibromyalgia; depressive disorder; posttraumatic stress disorder (20 CFR

404.1520(c)). R. 18. The ALJ further found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 18.

The ALJ found that Claimant had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> [S]he could never climb ladders, ropes, or scaffolds; she could occasionally climb ramps or stairs, as well as occasionally balance, stoop, kneel, crouch, or crawl; she could perform simple, routine tasks, with occasional changes in a routine work setting.

R. 21.

The ALJ concluded that Claimant is unable to perform past relevant work. R. 27. Ultimately, the ALJ found that Claimant was not under a disability, as defined in the Social Security Act, at any time from November 11, 2006, the alleged onset date, through December 31, 2009, the date last insured (20 CFR 404.1520(g)).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's

decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. Discussion

Based on a review of the *pro se* Claimant's Memorandum in support of the Complaint, the Court agrees with the Commissioner's contention that Claimant appears to make three arguments for reversal or remand. *See* Doc. 17. The Court will address these three arguments in turn.

### A. Whether the Appeals Council Erred by Not Considering Evidence Submitted on Appeal.

Claimant states that she "had three casts done on her right leg, on Nov. 18, 2001, on Nov. 30, 2001. . . and Dec. 21, 2001." Doc. 17 at 2. Claimant provides that she "visited" Dr. Ray at the National Training Center Sports Medicine Institute on December 21, 2001, and he subsequently took her cast off. *Id.* Claimant then states that Dr. Ray treated her from December 19, 2001 through March 13, 2003 and she complained about the pain many times to the physician. *Id.* at 3. Claimant states that she submitted Dr. Ray's invoices to the Appeals Council but it found that the "evidence does not show a reasonable probability that it would change the outcome of the decision." *Id.*

Claimant argues that the Appeals Council must consider evidence that is new, material, and that is chronologically relevant because it relates to the time before the date of the ALJ hearing decision. *Id.*, citing 20 C.F.R. 404.970(b). Claimant contends that if there is new and chronologically relevant evidence then the Appeals Council must review the case to see whether the "ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.* Claimant argues that the Appeals Council did not adequately evaluate the new evidence and "when a claimant properly presents new evidence, and the Appeal Council denies review, the AC must show in its written denial that it has adequately evaluated the new evidence."

*Id*.  Claimant asserts that if the Appeals Council perfunctorily adheres to the ALJ's decision, the Commissioner's findings are, by definition, unsupported by substantial evidence.  *Id*. at 4, citing 42 U.S.C.A. § 405(g).

A claimant is generally permitted to present new evidence at each stage of the administrative process.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007).  The Appeals Council must consider evidence that was not presented to the ALJ when it is new, material, and chronologically relevant.  *Id*.; *see* 20 C.F.R. §404.970(a)(5).  Evidence is new when the claimant submits it to the Appeals Council after the ALJ's decision.  *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015).  It is new if it is not cumulative of other evidence in the record.  *See Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010).  Evidence is material if a reasonable probability exists that the new evidence would change the administrative result.  *Id*. at 1321.  It is chronologically relevant if it relates to the period on or before the date of the ALJ's hearing decision.  20 C.F.R. § 404.970(a)(5).

The Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record."  *Ingram*, 496 F.3d at 1261. The Appeals Council has the discretion to not review the ALJ's decision denying benefits.  *Washington*, 806 F.3d at 1320.  If the Appeals Council considers new evidence but denies review, then it is not required to articulate its reasons for denying review.  *Mitchell v. Comm'r, Soc. Sec. Admin*., 771 F.3d 780, 784-85 (11th Cir. 2014).  If a claimant challenges the Appeals Council's denial, the reviewing court must determine whether the new evidence renders the denial of benefits erroneous.  *Id*. at 785 (citing *Ingram*, 496 F.3d at 1262).

Here, the Appeals Council found that there was no basis for changing the ALJ's decision. R. 1.  With regard to the additional evidence, the Appeals Council stated the following:

> You submitted additional evidence from National Training Center Sports Medicine, December 29, 2001, 1 page, and December 6, 2001 to March 13, 2003, 14 pages; statements from the claimant's mother dated May 30, 2014, June 20, 2017, and July 26, 2017, 3 pages total; and a statement from your neighbor dated April 21, 2017, 1 page. We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You submitted evidence from Vega Alta Radiology, May 3, 2013, 1 page. The Administrative Law Judge decided your case through December 31, 2009. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2009.

R. 2.

Accordingly, with respect to Dr. Ray and the statements of the mother and neighbor,[1] it seems that the Appeals Council implicitly found that the evidence was new, but that it was not material. The Appeals Council then separately addressed the Vega Alta Radiology record.

Despite Claimant's apparent contention to the contrary, the Appeals Council was not required to provide a more detailed explanation of why it denied Claimant's request for review. *Mitchell*, 771 F.3d at 784-85. The Appeals Council considered the new records when it made its decision and those documents are included within the administrative record. R. 40-68. Any challenge based on the sufficiency of the Appeals Council's explanation does not entitle Claimant to relief.

Further, aside from Claimant's reference to Dr. Ray's invoice and treatment notes, there is no discussion at all on how the evidence changes the outcome of the ALJ's decision. The physician's invoices and his notes are dated years before the alleged onset date and relate to Claimant's leg fracture. R. 55-68. The notes reflect statements such as "satisfactory recovery

---

[1] While it appears that Claimant only challenges the Appeals Council's decision with regard to the Dr. Ray evidence, the Court has reviewed her Memorandum as it relates to the other additional evidence in light of the *pro se* nature of this case.

status-post closed manipulation," "no further pain medicine at this time," "x-ray examination of the right tibia shows satisfactory AP alignment," "normal alignment on the lateral," "as we see more healing we are going to change the cast," "fibula appears to be healing," "satisfactory healing of fibula and right tibial fracture," "the fracture site appears to be stable," and "she is going to require no surgery." *Id*. Claimant points to nothing in these records and the Court's review does not find any basis to find that the denial of benefits was erroneous.

Claimant does not directly mention the new evidence with regard to her mother's and neighbor's statements, so it remains to be seen if she contends that these records are material. Assuming *arguendo* (because of her *pro se* status) that she does, she is still not entitled to relief. Claimant submits one statement from her neighbor and three statements from her mother. R. 40-43. The Court does not see how there is a reasonable probability that these documents would change the administrative outcome. Notably, while the statements might be new, the ALJ considered other third-party statements from Claimant's mother and found that they were only entitled to some weight. R. 22. The ALJ noted that the statements were from a non-medical professional source and not based upon medical examinations or testing. *Id*. The ALJ found that to the extent the opinion suggested greater limits than are found in the RFC, such opinions are inconsistent with the medical records. *Id*. The Court is not persuaded that the mother's new statements and the neighbor' statement regarding a conversation she had with Claimant would change the unfavorable decision.

Finally, with regard to the Alta Vega Radiology record from 2013, it is an MRI of Claimant's cervical spine that reflects cervical spondylosis, bulging disc annulus at C2-C4, C4-C and C5-C6, vertebral body hemangiomata, and narrowing of the left foramen of less than 50 percent at the C5-C-6 level. R. 54. The Court finds no error in the Appeals Council's treatment

of this evidence. The Council correctly noted that the evidence did not relate to the period at issue. Again, the evidence was not material as it does not give rise to a reasonable probability that the administrative outcome would change. There is nothing in the additional evidence, or Claimant's Memorandum, that demonstrates that she is more functionally limited than the ALJ determined.

### B. Whether the ALJ Properly Evaluated Claimant's Subjective Complaints

While not entirely clear, it appears that Claimant argues that the ALJ failed to give specific reasons for rejecting her testimony regarding the severity of her symptoms and did not properly evaluate her complaints of pain. *See* Doc. 2-3. The ALJ's decision provides the following:

> Admittedly, the claimant testified to limited activities of daily living; however, these assertions cannot be objectively verified. The claimant's testimony, considered in light of the record as a whole, is not entirely convincing, since her pain and other subjective symptoms were not of such frequency, intensity, or duration as to preclude all work activity during the relevant period. The reported limitations at the hearing appear to be self-prescribed. For instance, the psychological consultative examination obtained during the period at issue showed that the claimant admitted to a normal range of daily activities. For instance, the claimant admitted to the psychologist that she was able to independently take care of 'her own hygiene, grooming and dressing,' that she was 'able to drive on short trips wherever she needs,' that she went 'out on other errands and appointments,' and that she could cut coupons, read mail, and sort recyclables (Exhibit C10F/2). The claimant reported on the function report that she was able to drive, prepare her own meals, and perform routine household chores. Accordingly, the Administrative Law Judge concludes that the claimant's testimony is consistent only to the extent that the alleged symptoms prevent her from performing beyond the light level of exertion.
>
> Maria Torres Santiago, the claimant's mother, submitted third party statements that, overall, seem to parallel the allegations put forth by the claimant. (Exhibit C28E). The undersigned considered those statements, but gave them only some weight, since they were provided by non-medical professional sources, and the statements are not based upon objective medical examination or testing. To the extent, the opinion suggests greater limits than are found in the residual functional capacity statement above, such opinions are inconsistent with the medical records.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 22.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* at §§ 404.1529(c)(1)-(4).

Contrary to Claimant's conclusory challenge to the ALJ's evaluation of her subjective complaints, the ALJ gave explicit and adequate reasons for his findings. The ALJ found inconsistencies in Claimant's testimony and information in the record regarding Claimant's daily activities. Further, the ALJ did not discount the subjective evidence completely. The ALJ said it was consistent to the extent that the alleged symptoms prevent Claimant from performing beyond the light level of exertion which is reflected in the RFC. The Court finds that substantial evidence supports the ALJ's determination with respect to the subjective complaints.

### C. Whether the ALJ Erred in Not Considering Pain a Severe Impairment

Claimant argues that "the ALJ failed to acknowledge pain as a severe impairment, the relevant evidence includes subjective reports of pain, testified by the claimant." Doc. 17 at 4, U.S.C. §§ 404.1520, 404.1545. The Commissioner asserts, and the Court agrees, that pain is not in and of itself an impairment. Instead, pain is a symptom. *Wood v. Astrue*, 2012 U.S. Dist. LEXIS

33140, at *24 (Feb. 14, 2012), *rep. and recommendation adopted by* 2012 U.S. Dist. LEXIS 33116 (M.D. Fla. Mar. 13, 2012) ("Pain, however, is not an impairment; pain is a symptom."). Accordingly, there is no merit to her claim.

Even assuming that pain is its own impairment, she is still not entitled to relief. The Eleventh Circuit has described step two as a "filter" requiring the denial of any disability claim where no severe impairment or combination of impairments is present. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 950 (11th Cir. 2014) (quoting *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "To proceed to step three of the evaluation process, an ALJ need only conclude that an applicant had 'at least one' severe impairment." *Tuggerson-Brown*, 572 F. App'x at 951 (quoting *Jamison*, 814 F.2d at 588). So long as the ALJ finds any impairment or combination of impairments severe at step two, the ALJ may proceed to the remaining steps and there is no need for the ALJ to identify every severe impairment at step-two. *Tuggerson-Brown*, 572 F. App'x at 951.

At step-two of the evaluation of Claimant's application the ALJ found that she had status post-right leg fracture, fibromyalgia, depressive disorder, and posttraumatic stress disorder. R. 18. Any argument that the ALJ was required to identify her pain at this step in the evaluation process is not supported by the law. Claimant suffered no harmful error at step-two.

To the extent that Claimant contends that the ALJ erred with respect to her pain at the later steps of the process, the Court still rejects the claim. While an ALJ is not required to determine whether every alleged impairment was "severe," he is required to consider all impairments, regardless of severity, in conjunction with one another. *Tuggerson-Brown*, 572 App'x at 951. In the instant case, it is apparent from the ALJ's decision that she did consider all medical evidence in combination. The ALJ stated that in making the finding regarding the RFC she considered all

symptoms and the entire record. R. 21. Moreover, the ALJ specifically discusses Claimant's allegations regarding her pain. R. 22. The Court finds that the ALJ's decision was based on the substantial evidence.

Moreover, while not clear, it appears that Claimant contends that the ALJ failed to find that her neuropathy, obesity, and scoliosis were severe impairments. *See* Doc. 17 at 4. Claimant states that the combination of these impairments (along with her depression, post-traumatic stress disorder, and fibromyalgia) limited her ability to work and daily activities. *Id*. "[T]he claimant bears the burden of proving that he is disabled and, consequently, he is responsible for producing evidence in support of his claim."). The "mere existence" of an impairment does not reveal the extent to which the impairment limits the claimant's ability to work or undermines the ALJ's decision. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)).

As discussed, the record contains substantial evidence to support the ALJ's decision, and Claimant's perfunctory inclusion of the words "obesity, neuropathy, and scoliosis," does not persuade the Court otherwise.

**V.     Conclusion**

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**;

2. The Clerk is directed to enter judgment accordingly and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:
The Kathleen H. Eiler
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA Oho Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817